UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
FRANCIS ANTHONY GRANDINETTI, II,

                     Plaintiff,

                                                               5:07-CV-0556
vs.                                                        (NAM)(DEP)

HON. NELSON ROCKEFELLER, Governor
State of New York; UNITED AIRLINES,
U.S.A. OPERATIONS; UNITED AIRLINES,
New York; FRANCIS J. GRANDINETTI, Cpl
USMC; LINDA C. CRISCO; GEORGE R.
ARIYOSHI, Governor - Hawaii; and
NELSON DOI, Lt. Governor - Hawaii,

                     Defendants.
-----------------------------------------------------------

APPEARANCES:

FRANCIS ANTHONY GRANDINETTI, II
A-01185087
CCA/Saguaro Correctional Center
1250 East Arica Road
NE #0008
Eloy, AZ 85231
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

      The Clerk has sent to the Court a motion for a certificate of appealability filed by plaintiff Francis Anthony Grandinetti, II. Dkt. No. 13.

      This is an action filed pursuant to 42 U.S.C. §1983. Dkt. No. 1. On August 3, 2007 plaintiff filed an interlocutory appeal from the July 9, 2007 Order striking plaintiff's submissions to the Court. Dkt No. 10. Plaintiff's motion seeks a Certificate of Appealability in support of his interlocutory appeal.

28 U.S.C. § 2253(c)(1) provides in relevant part:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). However, this is not a habeas proceeding brought pursuant to 28 U.S.C. §2254 or 28 U.S.C. §2255. Accordingly, the certificate of appealability provisions have no application to this action.

28 U.S.C. § 1292 governs the appealability of interlocutory orders of the district courts to the appeals courts, and provides that an interlocutory order may be the subject of an appeal if the district court certifies that it satisfies the stringent standard set forth in the statute. Section 1292(b) provides in relevant part as follows:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).[1] "Routine resort to 28 U.S.C. § 1292(b) is disfavored as interlocutory review is designed for 'exceptional cases.'" *John and Vincent Arduini Inc. v. NYNEX*, 129 F.Supp.2d 162, 175 (N.D.N.Y. 2001) (Kahn, D.J.) (citations omitted). This Court does not find that the appeal at issue merits certification pursuant to 28 U.S.C. §1292(b).

Accordingly, plaintiff's motion for a certificate of appealability must be denied.

---

[1] Upon certification by the district court pursuant to Section 1292(b), the Court of Appeals must thereupon, determine in its discretion whether to allow the appeal. Application is to be made to the Court of Appeals within ten days after the entry of the order. *See* 28 U.S.C. § 1292(b).

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a certificate of appealability (Dkt. No. 13) is DENIED, and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Date:  September 25, 2007

Norman A. Mordue
Chief United States District Court Judge